**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WATER FOR COMMERCE FUND
MANAGEMENT, LLC,

               Plaintiff,


         v.


BURLINGTON STORES, INC., SVES LLC,
SVES GO LLC, SVES CP LLC, SVES
APPAREL LLC, SVGO LLC, ESGO LLC, SV
APPAREL LLC, ES BUSINESS
CONSULTING LLC, ES INVESTMENTS
MANAGEMENT LLC, SV 165 WINGS
NECK, LLC, SVAE II, LLC, SV STRAUSS
LLC, 55 ADIN STREET, LLC, SVES SWISS
LLC, SALOMON MURCIANO, TIMOTHY J.
FULLUM, and ARON FROM,

              Defendants.

CIVIL ACTION

Case No. 1:25-cv-02283-ER-RFT


**<u>CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER</u>**

---

WHEREAS, the parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information

and documents exchanged by the parties in connection with the pre-trial phase of this action (the

"Action"):

1.     Counsel for any party and any non-party may designate any document or

information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such

designation is necessary to protect the interests of the client in information that is proprietary, a

trade secret, or otherwise sensitive non-public information ("Confidential Information").

Information and documents designated by a party or non-party as Confidential will be stamped "CONFIDENTIAL."

2.      Counsel for any party and any non-party may designate any document or information, in whole or in part, as "Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is highly sensitive business or personal non-public information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party (the "AEO Information," and together with the Confidential Information, the "Designated Information"). Information and documents designated by a party or non-party as Attorneys' Eyes Only will be stamped "ATTORNEYS' EYES ONLY."

3.      The Designated Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action, shall not be used by such person for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by such person to anyone other than as permitted under this Confidentiality Stipulation and Protective Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

4.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Confidentiality Stipulation and Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Designated Information.

5.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

8419561.1

a.    The requesting party, including in-house counsel;

b.    outside counsel of the requesting party;

c.    employees of such outside and in-house counsel assigned to and necessary to assist in the litigation;

d.    consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e.    any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.    vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g.    the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

h.    any other person to whom the producing party consents to such disclosure or as ordered by the Court.

6.    Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a.    Outside counsel of the requesting party;

b.    employees of such outside counsel assigned to and necessary to assist in the litigation;

c.    in-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the Action or as consented to by the producing party;

d.    consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e.    any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.    vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g.    the Court (including the mediator, or other person having access to any AEO Information by virtue of his or her position with the Court); and

h.    any other person to whom the producing party consents to such disclosure or as ordered by the Court.

8419561.1

It is, however, understood that counsel for a receiving party may give advice to his or her client solely relating to the Action based on his or her evaluation of AEO Information, provided that such advice shall not reveal the content of such AEO Information except as permitted by prior written agreement of counsel for the parties or by Order of the Court.

7.    Prior to disclosing or displaying the Designated Information to any person, counsel must:

a.    Inform the person of the confidential nature of the information or documents;

b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

c.    Except as to persons listed in Sections 5(a), (b), (c), (f), and (g) and 6(a), (b), (c), (f), and (g) above, require each such person to sign an agreement to be bound by this Confidentiality Stipulation and Protective Order in the form attached as Exhibit A.

8.    The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Designated Information, provided that the designating party makes the designation within a reasonable time after discovery of the error.  If so designated, the document or information shall thereafter be treated as Designated Information subject to all the terms of this Confidentiality Stipulation and Protective Order.

9.    With respect to any depositions that involve a disclosure of Designated Information of a party or non-party, such party or non-party shall designate the transcript or specific portion

8419561.1

thereof as containing Confidential Information or AEO Information, or both, as soon as practicable and no later than thirty (30) days after receipt of the deposition transcript, which period may be extended by agreement of the parties. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Confidentiality Stipulation and Protective Order.

10.     Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11.     If the need arises during trial or at any hearing before the Court for any party to disclose Designated Information, it may do so only after giving notice to the producing party and as directed by the Court.

12.     If a party learns that material that party received in discovery pursuant to this Confidentiality Stipulation and Protective Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

13.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and

6

defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14.     Pursuant to Federal Rule of Evidence 502, the production of any document, communication, electronically stored information ("ESI"), or thing that is privileged or work product protected, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Confidentiality Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, communications, ESI (including metadata), or things for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

15.     Nothing herein shall preclude the parties from disclosing Designated Information if otherwise required by law or pursuant to a valid subpoena. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Designated Information, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Stipulation and Protective Order. The party receiving the demand shall not disclose any Designated Information prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

16.     This Confidentiality Stipulation and Protective Order shall survive the termination

8419561.1

of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. At the conclusion of the Action, Designated Information and any copies thereof shall be promptly (and in any event no later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed; provided, however, that counsel may retain working files, including, without limitation, complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Stipulation and Protective Order. To the extent a party requests the return of Designated Information from the Court after the final conclusion of the Action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**SO STIPULATED AND AGREED.**

Dated: April 28, 2025
   New York, NY

| OTTERBOURG P.C. | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| By: */s/ Pauline McTernan* | By: */s/ Jennifer A. Guidea* |
| Pauline McTernan | Jennifer A. Guidea |
| 230 Park Avenue | 290 West Mt. Pleasant Ave, Ste 3310 |
| New York, New York 10169 | Livingston, New Jersey 07939 |
| (212) 661-9100 | (973) 549-2500 |
| *Attorneys for Plaintiff Water for Commerce Fund Management, LLC* | *Attorneys for Defendants* |

**SO ORDERED** this <u>29th</u> day of <u>April</u> 2025

_____
DISTRICT JUDGE EDGARDO RAMOS

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WATER FOR COMMERCE FUND MANAGEMENT, LLC,<br><br>            Plaintiff,<br><br>        v.<br><br>BURLINGTON STORES, INC., SVES LLC, SVES GO LLC, SVES CP LLC, SVES APPAREL LLC, SVGO LLC, ESGO LLC, SV APPAREL LLC, ES BUSINESS CONSULTING LLC, ES INVESTMENTS MANAGEMENT LLC, SV 165 WINGS NECK, LLC, SVAE II, LLC, SV STRAUSS LLC, 55 ADIN STREET, LLC, SVES SWISS LLC, SALOMON MURCIANO, TIMOTHY J. FULLUM, and ARON FROM,<br><br>          Defendants. | CIVIL ACTION<br><br>Case No. 1:25-cv-02283-ER-RFT<br><br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as "Confidential" or "Attorneys' Eyes Only." I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality

Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Stipulation and Protective Order could subject me to punishment for contempt of Court.

Dated: _____ , 20___

Name (printed)                              Signature

Signed in the presence of: (Attorney)

8419561.1